CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
October 21, 2026
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| Mary Cordaro, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Anthony Ganatti | ) | Civil Action No. 3:26-cv-00105 |
| | ) | |
| and | ) | |
| | ) | |
| John Doe Company, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff Mary Cordaro, proceeding *pro se*, sues Defendants Anthony Gannatti and "John Doe Company" for violations of the Electronic Communications Privacy Act ("ECPA") and federal regulations for the protection of human subjects in research (45 C.F.R. § 46, 21 C.F.R. § 50); "42 USC Civil Action for deprivation [of] rights;" as well as several causes of action at common law, including civil battery, invasion of privacy—intrusion upon seclusion, fraud by concealment, and the right to bodily integrity. (*See* Compl. (Dkt. 1).) Cordaro alleges that Defendants, a researcher and a company, are engaging in illegal human experimentation by non-consensually collecting her "biometrics, medical and personal information" via hardware implanted in her body. (*See id.* at 3, 7–8). This matter is before the court on Cordaro's motion for a temporary restraining order and leave to proceed *in forma pauperis*. (Dkts. 1, 2, 3.)

The court will grant Cordaro's motion to proceed *in forma pauperis* and dismiss her complaint under 28 U.S.C. § 1915(e)(2)(B)(ii). (Dkt. 2.) Accordingly, her motion for a temporary restraining order will be denied as moot. (Dkt. 3.)

## I. Background[1]

Plaintiff Mary Cordaro, an individual living in Charlottesville, alleges that she has moved from Florida, to Illinois, to Washington, D.C., and finally, to Charlottesville, Virginia during the period of human experimentation to which she has been subjected. (*See* Compl. at 3–4.) She claims that this experimentation began in Florida, where both Defendants are located. (*See id.* at 3.) Defendant Anthony Ganatti is apparently acting as the lead investigator of an unapproved clinical trial, while Defendant John Doe Company, sometimes referred to as Innovation Company ("the Company"), is a private entity located in Florida. (*See id.* at 3, 7.) Cordaro claims that the name and address of the Company is unknown to her because Ganatti refuses to tell her the name of entity with which he is working. (*Id.* at 3.)

The date at which the alleged experimentation began is unclear. Cordaro claims that she is being subjected to "human experimentation using a Multimodal AI system" that is "targeted directly at [her]," which collects biometric data via a multitude of sensors, including dentures and devices implanted in her nose, ears, and skeleton. (*See id.* at 3, 7.) She alleges that "Defendants physically installed" these hardware components in her body without informed consent, and that they are using these devices to "captur[e] and harvest[]" her

[1] The facts alleged in Cordaro's complaint are accepted as true when evaluating whether the complaint states a claim upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

biometric data using real-time "live software." (*Id.* at 5, 7–8.) To support her assertions, Cordaro attaches as exhibits numerous pictures of her eyes, nose, mouth, and dentures, claiming that they display evidence of "active eye tracking" and "sensors." (*See, e.g.*, Dkt. 1-1 at 2–3, 5, 8.) Cordaro states she does not consent to this research and claims that she has repeatedly requested the cessation of Defendants' research and tracking efforts, to no avail. (Compl. at 4, 8.) She also claims to have reported these actions to the Attorney General of the Commonwealth of Virginia, (Dkt. 1-1 at 13), the Office of Research Integrity at George Mason University, (*id.* at 16–17), the U.S. Department of Justice, (*id.* at 19), and the U.S. Department of Health and Human Services, (*id.* at 20–23), among other entities.

Counts I, II, and IV of Cordaro's complaint assert common law claims, including civil battery, invasion of privacy—intrusion upon seclusion, and fraud by concealment. (Compl. at 8.) Count III alleges a violation of the ECPA based on Defendants' "unauthorized interception and transmission of streaming electronic somatic telemetry." (*Id.*) At various points in her complaint, though not formally asserted as independent causes of action, Cordaro claims that Defendants failed to obtain her informed consent to participate in human experimentation as required by 45 C.F.R. § 46 and 21 C.F.R. § 50 and that her right to bodily integrity is being infringed upon. (*Id.* at 2, 7–8). Cordaro also asserts "42 U.S.C. Civil Action for deprivation [of] rights" as a basis for federal jurisdiction. (*Id.* at 2.)

Cordaro's complaint alleges damages of $75,000 along with medical bills. (*Id.* at 5.) Along with her complaint, Cordaro filed a motion to proceed *in forma pauperis*, (Dkt. 2), and an emergency motion for a temporary restraining order and preliminary injunction, (Dkt. 3). She

seeks to enjoin Defendants from tracking and using her biometric data, to compel them to remove all physical sensors implanted on her person, and to mandate that they preserve all data and evidence related to their research. (*Id.* at 2.)

## II. Standard of Review

After allowing a plaintiff to proceed *in forma pauperis*, the court must "dismiss the case at any time" if it determines that the action (1) "is frivolous or malicious"; (2) "fails to state a claim on which relief may be granted"; or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals on these grounds are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Still, the court must construe *pro se* complaints liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

When evaluating whether a complaint "is frivolous" under § 1915(e)(2)(B)(i), "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegation." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Still, "[a]n *in forma pauperis* complaint may not be dismissed . . . simply because the court finds the plaintiff's allegations unlikely." *Id* at 33. Rather, the facts alleged must "rise to the level of the irrational or the wholly incredible" before they are dismissed under this standard. *Id.*

When evaluating whether a complaint "fails to state a claim on which relief may be granted" under § 1915(e)(2)(B)(ii), the court applies the same standard that applies to motions

to dismiss under Federal Rule of Civil Procedure 12(b)(6). *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III. Analysis

### A. Federal Claims

Due to the "special judicial solicitude" owed to *pro se* plaintiffs, *see Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985), the court will evaluate all claims referenced in Cordaro's complaint, even if they were not brought as distinct causes of action. The court will begin with Cordaro's federal claims.

1. <u>ECPA Claims</u>

Cordaro claims that Defendants "intentionally intercepted and endeavored to intercept streaming electronic communications consisting of [her] biological sensor telemetry across a network infrastructure without authorization" in violation of the ECPA. (Compl. at 8.) "[A]ny person who . . . intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept any wire, oral or electronic communication" violates the ECPA. 18 U.S.C. § 2511(1)(a). The ECPA's private right of action provides that "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used . . . may in a civil action recover from the person or entity . . . which engaged

in that violation" unless section 2511(2)(a)(ii) excludes the conduct. 18 U.S.C. § 2520(a); *see also Attkisson v. Rosenstein*, 2021 WL 978821, at *6 (D. Md. Mar. 16, 2021).

Cordaro fails to plausibly allege that the "biological sensor telemetry" data purportedly being intercepted by Defendants are "wire, oral, or electronic communication[s]" as those terms are defined by the ECPA. "Wire communications" involve "aural transfer[s]," whereas "oral communications" are those "uttered by a person." 18 U.S.C. § 2510(1), (2). Cordaro alleges only that her movements (including her facial expressions and "ocular movements") and "private biometric data" are being collected, not that any of her communications, either aurally received or orally transmitted, are being intercepted. (*See* Compl. at 8.)

Neither does Cordaro plausibly allege that her data constitutes an "electronic communication" within the meaning of the ECPA. An electronic communication is "any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic or photooptical system that affects interstate or foreign commerce . . . ." 18 U.S.C. § 2510(12)(C). Cordaro admits that she does not "have any of the device numbers or lot numbers" of the tracking hardware purportedly implanted in her body and does not identify what they are or how they work anywhere in her complaint. (*See* Compl. at 4.) Her exhibits merely display pictures of her eyes, nose, mouth, and dentures, and likewise do not give the court any understanding of the supposed devices' nature or operation. (*See, e.g.*, Ex. 1 at 2–3, 5, 8.) Thus, Cordaro fails to allege that her data is being transmitted via "a wire, radio, electromagnetic, photoelectronic or

photooptical system"—let alone intercepted, as required by the ECPA. *See* 18 U.S.C. § 2510(12).

Moreover, even if Cordaro had been able to allege these facts, she does no more than vaguely claim that Defendants are "intentionally intercept[ing] her data. (Compl. at 8.) Despite the latitude given to *pro se* plaintiffs, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim that is plausible on its face. *See Iqbal*, 556 U.S. at 678; *Gilstrap v. Petterson*, No. 6:19-cv-01634, 2019 WL 5400901, at *1 (D.S.C. Sep. 19, 2019), *adopted by* No. 6:19-CV-01634, 2019 WL 5394204 (D.S.C. Oct. 21, 2019) ("The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.").

2. <u>Claims Alleging Violations of Federal Regulations Concerning the Protection of Human Subjects in Research</u>

Cordaro also claims that Defendants are violating federal regulations concerning the protection of human subjects in research projects. (*See* Compl. at 2, 7–8 (referencing 45 C.F.R. § 46 and 21 C.F.R. § 50).) 45 C.F.R. § 46 is a Health and Human Services regulation concerning the protection of human subjects in research that is "conducted, supported, or otherwise subject to regulation by any Federal department or agency that takes appropriate administrative action to make the policy applicable to such research." 45 C.F.R. § 46.101(a). 21 C.F.R. § 50 concerns the protection of human subjects in clinical investigations "regulated

by the Food and Drug Administration." 21 C.F.R. § 50.1(a).[2] Cordaro fails to allege that the research she claims is being conducted by Defendants is "subject to regulation by any Federal department or agency," let alone "regulated by the Food and Drug Administration." Thus, it is not clear on the face of the complaint that either of these regulations apply to the conduct she alleges in her complaint. Accordingly, the court will dismiss these claims.

3. 42 U.S.C. § 1983 Claims

Cordaro claims that a basis for the court's jurisdiction in this matter is "42 USC Civil Action for deprivation [of] rights." (Compl. at 2.) The court will construe this claim as one arising under 42 U.S.C. § 1983. To allege a violation of Section 1983, a plaintiff "must prove that the charged state actor (1) deprived plaintiff of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was performed under color of . . . state law." *Philips*, 572 F.3d at 180. Implicit in the state law requirement is that "the conduct [at issue] must be 'fairly attributable to the State.'" *DeBauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). Thus, "[t]he person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions."

[2] It is unclear which sections of these regulations Cordaro believes have been violated. However, her complaint mentions several times that she did not consent to the alleged research. (*See* Compl. at 4, 8.) The court will construe her complaint as claiming that Defendants violated these regulations' informed consent requirements. *See* 45 C.F.R. § 46.116; 21 C.F.R. § 50.20. Even if Cordaro did plausibly allege that these regulations applied to the experiments to which she claims she has been subjected, agency regulations alone cannot "conjure up a private cause of action that has not been authorized by Congress." *See Alexander v. Sandoval*, 532 U.S. 275, 291 (2001). Courts have found that these particular regulatory provisions do not provide private causes of action. *See Royer v. Syneos Health, LLC*, No. 5:25-cv-46, 2025 WL 2325152, at *4 (E.D.N.C. Aug. 12, 2025), *aff'd*, No. 25-2035, 2026 WL 1134217 (4th Cir. Apr. 27, 2026) (noting that 45 C.F.R. § 46.101(a) does not create a private right of action); *Elansari v. Univ. of Pa.*, 779 Fed. App'x 1006, 1008–09 (3rd Cir. 2019) (affirming the district court's dismissal order, which included the finding that "[45 C.F.R. §] 46.116 does not provide a private cause of action."); *Graw v. Eli Lilly & Co.*, No. 4:25-cv-01033, 2025 WL 1938171, at *1 (E.D. Mo. July 15, 2025) (finding that 21 C.F.R. § 50 does not create a private right of action).

*Id.* "'[M]erely private conduct, no matter how . . . wrongful'" is not actionable under Section 1983. *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

The named Defendants are an individual and an unknown company. Cordaro fails to allege that Defendants are state actors or have any relationship with state actors, let alone a sufficiently close one. Accordingly, the court finds that Cordaro has failed to allege that Defendants acted under color of state law for the purposes of stating a claim under Section 1983. Thus, all of Cordaro's federal law claims fail to state a claim under § 1915(e)(2)(B)(ii).

**B. State Law Claims**

As discussed *supra*, all Cordaro's federal claims must be dismissed for a failure to "'state a claim to relief that is plausible on its face.'" *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Nevertheless, Cordaro asserts an independent basis for federal jurisdiction under which this court can consider her non-federal claims. "Section 1332 of Title 28 confers subject matter jurisdiction [*i.e.*, 'diversity jurisdiction'] upon federal courts over civil actions in which 'the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs' and the action is between 'citizens of different States.'" *Athena Auto., Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir. 1999) (quoting 28 U.S.C. § 1332(a)(1)).

Cordaro brings claims against two entities which she claims are Florida domiciliaries, while she states she is a Virginia domiciliary. (*See* Compl. at 3.) She also alleges damages in the amount of $75,000 plus "medical bills." (Compl. at 5.) "If a plaintiff seeks a category of relief (such as . . . medical bills) . . . which alone or in combination exceed $75,000, then it is

unequivocally clear and certain that the amount in controversy requirement is met." *Smith v. XPO Logistics Freight, Inc.*, 836 F. Supp. 3d 625, 636 (E.D.N.C. 2026) (cleaned up). Thus, Cordaro has met both requirements set by 28 U.S.C. § 1332(a)(1) for asserting diversity jurisdiction. Accordingly, the court will consider her state law claims.

While the court will construe *pro se* complaints liberally, *Estelle*, 429 U.S. at 106, under § 1915(e)(2)(B)(i), the court must dismiss a complaint filed *in forma pauperis* "at any time" the court determines that the complaint is "frivolous"—such as when it describes "fantastic or delusional scenarios." 28 U.S.C. § 1915(e)(2)(B)(i); *Neitzke*, 490 U.S. at 328; *see also Neitzke*, 490 U.S. at 327 (explaining that § 1915 affords courts "also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless").

Here, Cordaro's state claims contain similar factual allegations to many cases in which federal courts found the alleged claims to be frivolous. *See, e.g*; *Gilstrap*, 2019 WL 5400901, at *1 (plaintiff alleged defendants "implant[ed] listening devices in his body, which they used in order to make people commit crimes and cause wrongful deaths"); *Raiford v. FBI*, No. CA 1:10-2751, 2010 WL 6737887, at *2–*3 (D.S.C. Nov. 17, 2010), *adopted* by No. CA 1:10-2751, 2011 WL 2020729 (D.S.C. May 23, 2011) (dismissing as factually frivolous claims that defendants had violated plaintiff's civil rights by "implanting electronic devices into [p]laintiff, her pets and her family members"); *Williams v. Holbrook*, No. 7:26-CV-00107, 2026 WL 2184772, at *1 (W.D. Va. July 29, 2026) (dismissing as frivolous an inmate's claims against prison officials regarding their response to "wires/devices that were implanted into his body

by his mother during a secret surgery that took place prior to his incarceration"); *Robinson v. Unknown Named Special Agent*, No. 3:22-cv-00049, 2022 WL 2080870, at *8–9 (N.D. W. Va. May 9, 2022) (recommending dismissal of claim alleging "microchip implant in [plaintiff's] head" as frivolous); *Williams v. White*, No. 7:24-cv-00239, 2024 WL 3930509, at *1–2 (W.D. Va. Aug. 22, 2024) (dismissing under the court's screening authority an inmate's claim that prison staff implanted a device or chemical agent that caused him to hear recordings of other people); *Manzo-Hernandez v. Clarke,* No. 7:23-cv-00414, 2023 WL 8039806, at *1 (W.D. Va. Nov. 20, 2023) (dismissing as frivolous complaint that "describes a conspiracy involving satellites, x-ray view cameras, ultraviolet light, and electromagnetic mind-reading radiation waves"); *Navarrete v. Sheriff's Dep't*, No. CV 14-1179, 2014 WL 2611736, at *1-2 (C.D. Cal. Apr. 24, 2014) (finding plaintiff's complaint frivolous when it alleged a "rambling, largely incomprehensible narrative describing the alleged electronic monitoring and torture of [p]laintiff" caused by an implanted microchip in his shoulder). Much like these cases, the court finds Cordaro's allegations of state law violations stemming from implanted devices and unconsented-to tracking to be implausible, incredible, and thus frivolous.

## IV. Conclusion

The court will therefore grant Cordaro's motion to proceed *in forma pauperis*, (Dkt. 2), and dismiss the complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B). Accordingly, her motion for a temporary restraining order and preliminary injunction will be denied as moot. (Dkt. 3.)

An appropriate Order will issue.

**ENTERED** this 21st day of October, 2026.



HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE